**Alvis Lee SMITH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 4, 1972.

Rehearing Denied May 12, 1972.

Paul E. Hayes, Prestonsburg, Fred B. Redwine, Pikeville, for appellant.

John B. Breckinridge, Atty. Gen., Kenneth A. Howe, Jr., Asst. Atty. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

Alvis Lee Smith was convicted of the offense of transporting alcoholic beverages for purpose of sale in dry territory. He was sentenced to sixty days in jail and fined $100.

On this appeal Smith claims that the trial court erred in admitting as evidence alcoholic beverages found in his car, a search having been made without warrant and without the consent of Smith and therefore illegal.

Smith was arrested by State Trooper Rose on charges of speeding and failure to yield to an emergency vehicle. This arrest was made only after the trooper had pursued Smith for some seven miles, and then only after Smith had wrecked his car.

There is some conflict about what really happened: Trooper Rose testified that Smith refused to open the trunk but handed him the keys, saying something to the

effect that he could look for himself, or "open it." Smith says that he refused to open the trunk and that the keys, which were in the ignition, were taken by Trooper Allen who opened the trunk.

When the trunk of Smith's car was opened, the officers found a great amount of whiskey and beer.

When the case was called for trial Smith filed a motion to suppress the evidence, being the whiskey and beer found when the trunk of Smith's car was searched. A hearing on this motion was held out of the presence of the jury. Trooper Rose, Prestonsburg Police Chief Bill Potter, and Smith testified at this time. At the conclusion of the testimony of these witnesses, the court found that the search of the trunk of Smith's car, after his arrest, was with his consent and so ruled.

The only question before this court is whether there was a free and voluntary consent to the search of the trunk of Smith's car.

The trial court, after a hearing on Smith's motion to suppress, found as a fact that Smith had consented to the search. The court also submitted this question to the jury, there being ample evidence to justify this action on the part of the court. The court followed the procedure required by Bradley v. Commonwealth, Ky., 439 S.W.2d 61 (1969), in which it is stated:

"For the future, therefore, we are of the opinion that a motion to suppress, whether it be directed to a confession or to evidence obtained by a search alleged to have been illegal, should be treated in conformity with Jackson v. Denno; that is, the question of voluntariness (in case of a confession) or consent (in case of a search) should be first determined by the trial judge outside the presence of the jury on the basis of an evidentiary hearing of the pertinent evidence on both sides. Only if the trial court finds the evidence to have been validly obtained is it admissible in evidence before the jury,

in which event the trial court should admonish the jury not to consider the evidence unless it finds beyond a reasonable doubt that the defendant freely and voluntarily consented to the search (or, in the case of a confession, that he gave it voluntarily and free of coercion)."

The findings of fact and ruling of the court were not clearly erroneous and therefore will not be set aside by this court.

The motion for appeal is denied; judgment is affirmed.

All concur.